Filed 12/9/13  P. v. Cisneros CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>AARON CISNEROS,<br><br>        Defendant and Appellant. | B245906<br><br>(Los Angeles County<br>Super. Ct. No. GA086362) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Stanley Blumenfeld, Jr., Judge.  Affirmed.

        Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Aaron Cisneros appeals from his conviction of misdemeanor sexual battery in violation of Penal Code section 243.4, subdivision (e)(1).  His appointed counsel found no arguable issues for appeal.  Cisneros filed a supplemental letter brief claiming actual innocence and seeking a new trial, challenging the admission of evidence of another crime under Evidence Code section 1108, and asserting that his trial counsel was ineffective.

We find no basis for reversal and affirm.


**FACTUAL AND PROCEDURAL HISTORY**

On April 10, 2012, 18-year-old A.M. was a student at East Los Angeles College.  She was walking to a bus stop when she saw appellant walking toward her.  Shortly after he passed by, she had the sense that someone was in back of her.[1]  She turned and saw Cisneros behind her.  As she continued walking, he came up next to her and put his arm around her shoulder.  She attempted to push him away.  A.M. did not know Cisneros.  He asked her name and where she lived.  A.M. pushed his arm off her shoulder but he continued to stay only two inches away from her as they walked.  A.M. felt she needed to get away from him and began walking faster.  Cisneros kept up with her.  A.M. looked for a building to enter to get away.  As she walked toward a building, Cisneros took hold of her wrist.  He asked for her telephone number.  Cisneros sat on a bench while holding A.M.'s wrist and put his hand on her buttocks, over the pants she was wearing.  He pulled her close to him with his other hand so that her breasts were touching his chest.  A.M. pushed him away.  Cisneros stood, held her wrist, and tried to kiss her neck, although his lips did not touch her.  A.M. was able to push him away and ran inside a campus building.  She was frightened.

Once A.M. was inside the building, Cisneros followed.  When he came up to her, she backed away until stopped by a wall.  Cisneros put one hand on the wall beside A.M.

---

[1] A.M. is a person with cerebral palsy, which makes it difficult for her to speak clearly.  At times during trial, with the consent of the parties, the court had her type her answers on a laptop.  The court then read into the record verbatim what A.M. had typed.

and the other over her. She felt trapped, sandwiched between him and the wall. Cisneros continued to ask for her phone number, which she refused to give him. She ducked under his arm in an effort to go outside. But Cisneros went around and blocked her by positioning himself between her and the door. At this point he was eight inches from A.M.'s body. He said "'Come on. Let's go. Let's just go.'" She said she needed to stay where she was. Cisneros told A.M. she was "crazy in [her] head" or "crazy from the head." He then walked out of sight.

A.M. telephoned her mother, who told her to find a campus police officer. Within two minutes she approached Deputy Sheriff Francisco Velasco. She was distraught, crying and shaking. Detective Jeff Spelatz was assigned to investigate. As part of his investigation, he watched a surveillance video that showed A.M. and Cisneros walking together at the time of the attack. He verified that Cisneros was a student at East Los Angeles College. On May 15, 2012, he checked Cisneros's schedule of classes and went to a computer lab in an attempt to locate him. He spoke with Cisneros and placed him under arrest.

Cisneros was charged with one count of felony sexual battery by restraint in violation of Penal Code section 243.4, subdivision (a). Before jury selection began, the court asked counsel to address whether the evidence would support the felony charged, or whether at most, the crime was a misdemeanor sexual battery. The prosecutor agreed with the court that at most the evidence would prove misdemeanor sexual battery. Before opening statements, the court added a count 2 for misdemeanor sexual battery and stated its intent to also instruct the jury on the lesser included offense of simple battery. It said the jury would not be informed that the case was originally charged as a felony.

Over defense objection, the trial court admitted testimony of M.C. pursuant to Evidence Code section 1108. Her testimony concerned another assault committed by Cisneros. M.C. testified that she was approached by Cisneros, a stranger to her, as she walked home from church on April 4, 2012, just over a week before the incident involving A.M. M.C. was 16 years old at the time. Cisneros came up to her right side. He walked with her so closely that his body was touching hers. He asked her where she

3

lived; she ignored him. When they turned a corner toward her house, Cisneros touched her back with his hand. M.C. pushed him away and told him not to touch her. He said "'I want to touch you. I want to kiss you.'" M.C. told him to leave her alone. He grabbed her upper arm. She started walking faster and pushed him away so that he let go of her arm.

M.C. then sprinted toward her house. Cisneros watched where she was going. She stopped at a house before her own because she did not want him to know where she lived. After a minute or two he walked away. M.C. sprinted to her house and reported the incident to her family. Sheriff's deputies responded to the report of the incident. After the deputies left, M.C. looked outside and saw that Cisneros had returned and was standing on the sidewalk outside the gate to her yard.

At the close of the prosecution case, the court dismissed the felony count of sexual battery by restraint, pursuant to Penal Code section 1118.1. Cisneros did not testify and the defense rested. The jury found Cisneros guilty of misdemeanor sexual battery in violation of Penal Code section 243.4, subdivision (e)(1). The court denied probation and sentenced Cisneros to 180 days of custody in the county jail, with credit for 207 days of presentence custody and 206 days of conduct credit for a total of 413 days. He was ordered to register as a sex offender, a lifetime requirement. The court also imposed a $120 restitution fine, a $40 court operation assessment fee and a $30 conviction fee, but found compelling and extenuating circumstances to delete all of Cisneros' financial obligations in this case. He filed a timely notice of appeal.[2]

---

[2] The appeal is properly before us pursuant to California Rules of Court, rule 8.304(a)(2) because the case originated with a felony information. (See *People v. Barros* (2012) 209 Cal.App.4th 1581, 1588, fn. 11.)

4

We appointed counsel to represent Cisneros on appeal. Appointed counsel filed an appellate brief raising no issues, but asking that we independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442.) We advised Cisneros that he had 30 days within which to submit by brief or letter any contentions or arguments he wished this court to consider. In response, he filed a supplemental letter brief in pro per. We have reviewed his brief and have independently reviewed the record.

In his supplemental brief, Cisneros raises two primary issues. He claims innocence, asserting that he wants a new trial "because I was found guilty of something I didn't do." He claims "[t]he supposed victim in this case made the whole thing up to get attention and used my prior criminal history to make me uncredible. There was also influence from the [East Los Angeles Community College] police to find a way to get me in trouble. I've had previous issues with them, and they finally got back at me with this case." He suggests that he was "set up" in the incident involving A.M. and that he was just trying to borrow her phone. He claims: "I don't deserve to be punished for something I didn't do. The Prosecution was able to pull this off because I didn't have a paid lawyer that would have pointed these things out. That's why they were able to bring a prior [witness] as evidence to exaggerate, and you could check the original file to see that I only tapped her elbow."

In reviewing the sufficiency of the evidence to support a conviction, "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the

5

trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict. [Citation.]" (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Cisneros was convicted of misdemeanor sexual battery in violation of Penal Code section 243.4, subdivision (3)(1). That statute provides: "Any person who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of misdemeanor sexual battery. . . ." "[S]ection 243.4 criminalizes nonconsensual sexual touching." (*People v. Smith* (2010) 191 Cal.App.4th 199, 207.) "[S]ubdivision (e)(1) of the statute—acting as a 'catch-all' provision—criminalizes as a misdemeanor only sexual touching when 'the touching is against the will of the person touched.'" (*Ibid.*)

The trier of fact found sufficient evidence that Cisneros committed sexual battery on A.M. Our review of the record establishes there was substantial evidence that Cisneros touched intimate parts of A.M.'s body against her will, and did so with the requisite specific intent. His unsupported challenges to that evidence do not provide a basis for reversal under the principles discussed in *People v. Zamudio*, *supra*, 43 Cal.4th at page 357.

Cisneros also challenges the admission of evidence of the incident involving M.C. He contends: "The wittess [*sic*] to my trial wasn't even at the [scene]. She was brought over because the school police couldn't back up their evidence. They brought her in from a past case in which I started walking with her talking, and when she was [about] to leave I tapped her elbow and asked her number. She exaggerated about the incident and made me lose credibility in court."

"A challenge to admission of prior sexual misconduct under Evidence Code sections 1108 and 352 is reviewed under the deferential abuse of discretion standard and

6

will be reversed 'only if the court's ruling was "arbitrary, whimsical, or capricious as a matter of law. [Citation.]" [Citation.]' (*People v. Branch* (2001) 91 Cal.App.4th 274, 282 (*Branch*).)" (*People v. Robertson* (2012) 208 Cal.App.4th 965, 991.) "When assessing the admissibility of evidence of prior sex crimes under Evidence Code section 1108, the trial court engages in a careful weighing process under Evidence Code section 352. [¶] '[T]rial judges must consider such factors as its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense. [Citations.]' [Citation.]" (*Id.* at p. 992.)

Here the offense involving M.C. occurred only 8 days before the present offense, and was similar to the charged offense but not more inflammatory. The admissibility of M.C.'s testimony is supported by the nearly identical modus operandi employed by Cisneros in the two incidents. (*People v. Robertson*, *supra*, 208 Cal.App.4th at pp. 992–993.) The prior crime testimony was not extensive or time consuming in that M.C. was the only witness. Her testimony consumed only 29 pages of trial transcript. (*Id.* at p. 993.) The certainty that Cisneros committed that offense is established by his guilty plea to battery, a violation of Penal Code section 242 for the incident involving M.C. We find no abuse of the trial court's discretion in the admission of M.C.'s testimony. The probative value of her testimony was not outweighed by the probability that its admission would necessitate consumption of undue time, create a substantial danger of undue prejudice, or confuse the issues or mislead the jury. (*Id.* at p. 994.)

Cisneros claims that retained counsel would have raised these issues in the trial court and that the failure of his appointed public defender to do so resulted in his conviction. "'[When considering a claim of ineffective assistance of counsel, "a court need not determine whether counsel's performance was deficient before examining the

7

prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697.)  A defendant must prove prejudice that is a "'demonstrable reality," not simply speculation.' [Citations.]" (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)  "Prejudice requires 'a reasonable probability that a more favorable outcome would have resulted . . . , i.e., a probability sufficient to undermine confidence in the outcome.' [Citations.]" (*Ibid.*)  The speculative and conclusory assertions by Cisneros fail to establish prejudice in order to demonstrate that his trial counsel was ineffective.

We have examined the entire record and are satisfied that no arguable issues exit, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)


**DISPOSITION**

The judgment of conviction is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EPSTEIN, P. J.

We concur:



WILLHITE, J.



MANELLA, J.


8